UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH McKENDALL            CIVIL ACTION

versus            NO. 13-6047

WARDEN RADAR            SECTION: "F" (3)

## REPORT AND RECOMMENDATION

Petitioner, Joseph McKendall, is a state prisoner incarcerated at the Dixon Correctional Center, Jackson, Louisiana. The instant petition is the latest in a series of cases he has filed over the years involving his state conviction and the related revocation of his parole by state authorities. Because both petitioner and the facts of his case are well known to the Court, it is unnecessary to require the state to produce a copy of the state court record yet again. Further, because it evident from the record that relief should not be granted, no response from the state is required. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

The facts of petitioner's state conviction and subsequent parole revocation were previously recounted by this Court in detail in connection with his first federal *habeas corpus* petition:

> On September 21, 1992, petitioner pleaded guilty to attempted armed robbery in violation of Louisiana law and was sentenced to a

> term of thirty years imprisonment without benefit of probation, parole, or suspension of sentence.
>
> On August 21, 2006, petitioner was released from incarceration by diminution of sentence as if on parole.
>
> On April 23, 2007, petitioner admitted that he was using drugs and having mental health problems. As a result, he was referred to the Lurline Smith Mental Health Center for treatment; however, after several months of treatment, he was removed from that program due to his continued use of drugs and/or alcohol. On October 4, 2007, he failed a drug test and admitted using marijuana and cocaine.
>
> On October 24, 2007, the Parole Board found petitioner guilty of violating the conditions of his parole. However, rather than revoking his parole, the Parole Board elected only to issue petitioner a reprimand and add as a special condition of his parole that he attend and successfully complete a substance abuse program.
>
> Petitioner then enrolled in a private drug treatment program administered by Addiction Counseling and Educational Resources ("ACER") in Mandeville, Louisiana, starting that program on November 13, 2007. However, within less than a month, petitioner was having attendance problems and acting out in sessions. Eventually, those and other problems led to ACER requiring him to enter into a contract agreeing to certain stipulations in order to remain in the program.
>
> Unfortunately, petitioner failed to comply with those stipulations as agreed. Based on that fact and on an incident on January 8, 2008, ACER discharged petitioner from the program. ...
>     ....
> On March 18, 2008, petitioner appeared before the Parole Board for a formal revocation hearing. Based on the evidence at that hearing, the Parole Board revoked petitioner's parole after finding him guilty of violating the special condition of his parole that he attend and successfully complete a substance abuse program.

McKendall v. Tanner, Civ. Action No. 08-5046, 2009 WL 1811013, at *2-4 (E.D. La. June 23, 2009) (footnotes omitted).

Petitioner filed that first federal *habeas corpus* petition seeking relief under 28 U.S.C. § 2254 on November 12, 2008. In that petition, he claimed that he was wrongly terminated from

the drug treatment program for exercising his freedom of speech and that his parole should not have been revoked based on his "technical violations." On June 23, 2009, that petition was dismissed with prejudice on the merits. McKendall, 2009 WL 1811013. He did not appeal that dismissal.

Petitioner then attempted to obtain relief by filing a lawsuit pursuant to 42 U.S.C. § 1983 in July of 2009. In that federal complaint, he claimed that his rights were violated in the parole revocation process and that La.Rev.Stat.Ann. §§ 15:574.9(G) and 15:1186 were unconstitutional. However, that case was closed without disposition because he never paid the filing fee and was denied leave to proceed to as a pauper due to his history of filing frivolous lawsuits in federal court. McKendall v. Walker, Civ. Action No. 09-4620 (E.D. La. Aug. 6, 2009). He did not seek review of the decision to deny him pauper status.

Petitioner then filed another petition seeking relief pursuant to 28 U.S.C. § 2254. In that petition, he again argued that La.Rev.Stat.Ann. §§ 15:574.9(G) and 15:1186 were unconstitutional and that the state district court lacked jurisdiction to accept his plea, erred in refusing to vacate the plea and sentence, and erred in denying his post-conviction motion as untimely. The undersigned United States Magistrate Judge recommended that the federal petition be dismissed for lack of subject matter jurisdiction because petitioner had not obtained authorization to file a second or successive *habeas corpus* petition from the United States Fifth Circuit Court of Appeals as required by 28 U.S.C. § 2244(b)(3). McKendall v. Tanner, Civ. Action No. 10-4448, 2011 WL 1302917 (E.D. La. Jan. 21, 2011). On March 30, 2011, the United States District Judge adopted that recommendation and dismissed the petition. McKendall v. Tanner, Civ. Action No. 10-4448, 2011 WL 1226052 (E.D. La. Mar. 30, 2011). Petitioner did not appeal that dismissal.

Petitioner has now filed the instant petition seeking relief pursuant to 28 U.S.C. § 2254. This time, he argues that the charging document was defective and that his guilty plea was invalid. However, once again, he has not obtained the required authorization to file a second or successive *habeas corpus* petition from the United States Fifth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3). In light of that fact, this Court lacks jurisdiction and the instant petition should likewise be dismissed without prejudice on that basis. See United States v. Key, 205 F.3d 773, 774-75 (5th Cir. 2000); Williams v. Thaler, Civ. Action No. H-10-2694, 2010 WL 4068713 (S.D. Tex. Oct. 8, 2010); Morris v. Cain, Civ. Action No. 09-648, 2010 WL 4180748 (M.D. La. Aug. 26, 2010), adopted, 2010 WL 4180110 (M.D. La. Oct. 20, 2010); Jenkins v. Cain, Civ. Action No. 08-811, 2010 WL 3384785 (M.D. La. July 21, 2010), adopted, 2010 WL 3385113 (M.D. La. Aug. 24, 2010).[1]

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition of **Joseph McKendall** for federal *habeas corpus* relief be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

---

[1] Moreover, even if the instant application did not qualify as a "second or successive" petition and the Court therefore had jurisdiction, it appears that the petition would still be subject to dismissal. Because petitioner's state criminal judgment became final before the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, the deadline for filing a § 2254 petition challenging that conviction was, absent special circumstances, April 24, 1997. Flanagan v. Johnson, 154 F.3d 196, 200-02 (5th Cir. 1998). The instant petition therefore appears to be untimely by more than sixteen years.

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this twenty-first day of October, 2013.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.